STATE OF MAINE                                    SUPERIOR  COURT
PENOBSCOT, SS.                                    CIVIL ACTION
                                                  DOCKET NO CV-12-127
                                                  NRA -PEN- 12/21/2012

STEPHEN PACKARD, AS PERSONAL
REPRESENTATIVE FOR THE ESTATE
OF RALPH GREENLEAF,

          Plaintiff,
               v.                                 ORDER
ALEXANDER L. GALLANT,
GORDON M. WEBB,
KYLE R. LEEMAN,
JOHN DOE #1 AND #2,

          Defendants.


     The plaintiffs in this wrongful death action request that the Court order that a

transcript of a grand jury proceeding be prepared. The defendants, at least Gallant,

Webb, and Leeman, were suspects in a homicide investigation that the Bangor Police

Department conducted concerning Mr. Greenleaf's death. In that apparently thorough

investigation, detectives interviewed over thirty individuals and performed other

investigative tasks. Purportedly, an assistant attorney general presented the cases to the

Penobscot County Grand Jury in an effort to obtain criminal indictments, but the Grand

Jury no billed the cases. Plaintiff seeks a transcript of those proceedings.

     Grand Jury proceedings are secret and the public interest in the secrecy of grand

jury proceedings genrally outweighs a party's interest in obtaining grand jury materials.

*See* M.R. Crim.P. 6(g)(1)(A) and *In re Grand Jury Proceedings (Gregory P. Violette)*, 183 F.3d

71, 79 (1st Cir. 1999). Despite this tradition favoring grand jury secrecy, the Supreme

Court has recognized that a private litigant may seek grand jury transcripts upon a

showing of "particularized need" and prejudice or injustice absent disclosure. *Douglas*

*Oil of California v. Petrol Stops Northwest*, 441 U.S. 211, 221, 99 S.Ct. 1667, 1674 (1979).

The plaintiff in this case has failed to meet that standard. The Attorney General has turned over copies of the entire investigative file to the parties, so the parties not only know the identity of witnesses in the homicide investigation, but also have statements from most, if not all, of them. It is not the Court's experience that investigations of this type are conducted in a haphazard manner. Additionally, plaintiff's counsel is free to depose any of these witnesses or parties if he wishes to do so. Thus, the value of a grand jury transcript would be to discern witnesses who testified but did not give statements, and to gain access to additional impeachment material in the form of possible inconsistent statements. Such a need does not meet the particularized need standard when, in all probability, counsel already has statements of important witnesses. Taking a cautious approach, however, the Court requests that plaintiff provide a list of the names of all potential witnesses contained in the criminal investigation file and it will compare the list with the names of grand jury witnesses. In the unlikely event that a person who was not identified in the investigative file actually testified at the grand jury, the Court will provide the name(s) to the parties. With this exception, the motion for preparation of grand jury transcript is Denied.

Dated: December 21, 2012

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT

STEPHEN PACKARD PR EST RALPH GREENLEAF VS ALEXANDER L GALLANT ET AL
UTN:AOCSsr  -2012-0083961                    CASE #:BANSC-CV-2012-00127

----------------------------------------------------------------------

| SEQ | TYPE | NAME | | | ATTY |
|-----|------|------|--|--|------|
| 001 | PL | STEPHEN PACKARD PR EST RALPH GREENLEAF *Dale Thistle, Esq* | | *L. Willey Esq* | T |
| 002 | DEF | ALEXANDER L GALLANT *Paul Douglass* | / | / | T |
| 003 | DEF | KYLE R LEEMAN *Windall Large* | / | / | T |
| 004 | DEF | GORDON M WEBB *JW Druney* | / | / | T |
| 005 | DEF | RYAN MULLIGAN | / | / | PRO |
| 006 | DEF | NICHOLAS PEIRCE | / | / | PRO |